**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 10-cv-02497-PAB-KLM

BENJAMIN BIRDSELL,

        Plaintiff,

v.

VANDENBERG CHASE AND ASSOCIATES, LLC, a Georgia limited liability company, and,
MOHAMMAD AHMED, an individual, and,
CHRIS NORMAN, an individual,

        Defendants.

---

### FIRST AMENDED COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    Defendant Vandenberg Chase and Associates, LLC transacts business in this Judicial District.

7.    Defendant Mohammad Ahmed transacts business in this Judicial District.

8.      Defendant Chris Norman transacts business in this Judicial District.

## PARTIES

9.      Plaintiff, Benjamin Birdsell, is a natural person.

10.     The Plaintiff resides in the City of Pueblo, County of Pueblo, State of Colorado.

11.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.     The Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692d preface.

13.     Defendant Vandenberg Chase and Associates, LLC (hereinafter: "VCA") is a Georgia limited liability company operating from an address at 6 Concourse Parkway NE, Suite 1500, Atlanta, Georgia, 30328.

14.     VCA's registered agent in the state of Colorado is Incorp Services, Inc., 36 S. 18th Avenue, Brighton, Colorado, 80601.

15.     VCA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16.     VCA is licensed as a collection agency by the state of Colorado.

17.     The principal purpose of VCA is the collection of debts using the mails and telephone.

18.     VCA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.     VCA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another in the State of Colorado.

20.     Defendant Mohammad Ahmed (hereinafter: "Ahmed") is an individual believed to be residing in the state of Georgia.

21.     Ahmed is the President of VCA. According to the American Collectors Association International website, www.acainternational.org, Ahmed is the President of VCA. Ahmed is an officer and owner of VCA. Ahmed created the collection policies and procedures used by VCA and its employees, manages the daily operations of VCA, and/or oversees and ratifies the application of the collection policies and procedures used by VCA and its employees. Ahmed, directly and indirectly, uses interstate commerce, interstate telephone lines and the mails in a business the principal purpose of which is the collection of debts.

22.     Ahmed is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23.     The principal purpose of Ahmed in the course of his employment with VCA is the collection of debts using the mails and telephone.

24.     Ahmed regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25.     Ahmed regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another in the State of Colorado.

26.     Defendant Chris Norman (hereinafter: "Norman") is an individual believed to be residing in the state of Georgia.

27.     Norman is the Executive Vice President of VCA. According to the American Collectors Association International website, www.acainternational.org, Norman is the Ethics Contact for VCA. Norman is an officer and/or owner of VCA. Norman created the collection policies and procedures used by VCA and its employees, manages the daily operations of VCA, and/or oversees and ratifies the application

of the collection policies and procedures used by VCA and its employees. Norman, directly and indirectly, uses interstate commerce, interstate telephone lines and the mails in a business the principal purpose of which is the collection of debts.

28.   Norman is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

29.   The principal purpose of Norman in the course of his employment with VCA is the collection of debts using the mails and telephone.

30.   Norman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31.   Norman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another in the State of Colorado.

## FACTUAL ALLEGATIONS

32.   Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal payday loan account owed to Ace Cash Express (hereinafter the "Account").

33.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

34.   The Account went into default with Ace Cash Express.

35.   After the Account went into default the Account was placed or otherwise transferred to VCA for collection.

36.   VCA's reference # for the Account is 1206123803.

37.   The Plaintiff disputes the Account.

38. The Plaintiff requests that the Defendants cease all further communication on the Account.

39. VCA's collectors, including Mr. Jackson and "Roberta" were employees of VCA at all times mentioned herein.

40. VCA acted at all times mentioned herein through its employees including Jackson and "Roberta".

41. In the year prior to the filing of the instant action VCA and / or representative(s), employee(s) and / or agent(s) of VCA including Mr. Jackson and "Roberta" made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

42. In September 2010 VCA and / or representative(s), employee(s) and / or agent(s) of VCA including Mr. Jackson and "Roberta" made telephone call(s) to the Plaintiff.

43. In September 2010 VCA and / or representative(s), employee(s) and / or agent(s) of VCA including Mr. Jackson and "Roberta" left voicemail message(s) for the Plaintiff.

44. On October 4, 2010 the Plaintiff called VCA.

45. The Plaintiff talked to Norman and Mr. Jackson when he called VCA on October 4, 2010.

46. VCA's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

47. The telephone call(s) and voicemail message(s) each conveyed information regarding the Account directly or indirectly to the Plaintiff.

48.  The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

49.  The only reason that VCA and / or representative(s), employee(s) and / or agent(s) of VCA including Mr. Jackson and "Roberta" made telephone call(s) to the Plaintiff was to attempt to collect the Account.

50.  The only reason that VCA and / or representative(s), employee(s) and / or agent(s) of VCA including Mr. Jackson and "Roberta" had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

51.  The only reason that VCA and / or representative(s), employee(s) and / or agent(s) of VCA including Mr. Jackson and "Roberta" received telephone call(s) from the Plaintiff was to attempt to collect the Account.

52.  The only reason that VCA and / or representative(s), employee(s) and / or agent(s) of VCA including Mr. Jackson and "Roberta" left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

53.  During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that they were going to issue a involuntary process order out for the Plaintiff.

54.  The representation stated in paragraph 53 was false and was a false representation in connection with the collection of a debt, the Account.

55.  During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that he was going to have an unlikely visit.

56.    The representation stated in paragraph 55 was false and was a false representation in connection with the collection of a debt, the Account.

57.    During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that a claim had been filed against him as an attempt to defraud.

58.    The representation stated in paragraph 57 was false and was a false representation in connection with the collection of a debt, the Account.

59.    During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that $6,000.00 was going to be added to the Account.

60.    The representation stated in paragraph 59 was false and was a false representation in connection with the collection of a debt, the Account.

61.    During the communications VCA's and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that he was facing imprisonment in county jail for not less than 3 months nor more than 12 months or by fine of not less than $250.00 nor more than $1,000.00 or both.

62.    The representations stated in paragraph 61 were false and were false representations in connection with the collection of a debt, the Account.

63.    During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that they were going to notify the immediate local authorities of the Account.

64.   The representation stated in paragraph 63 was false and was a false representation in connection with the collection of a debt, the Account.

65.   During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that Ace Cash would be pursuing a legal act against him.

66.   The representation stated in paragraph 65 was false and was a false representation in connection with the collection of a debt, the Account.

67.   During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that they he would have to pay for attorney, court cost fees and $1,200.00 for VCA's office processing fees.

68.   The representations stated in paragraph 67 were false and were false representations in connection with the collection of a debt, the Account.

69.   During the communications VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account represented to the Plaintiff that an involuntary process order was being issued against the Plaintiff's Social and drivers information.

70.   The representation stated in paragraph 69 was false and was a false representation in connection with the collection of a debt, the Account.

71.   In the year prior to the filing of the instant action VCA and / or representative(s), employee(s) and / or agent(s) of VCA attempting to collect the Account left

voicemail message(s) for the Plaintiff that did not contain the language required by FDCPA 1692d(6) and / or 1692e(11).

72.  On or about September 3, 2010, at or around 10:00 am Mountain Standard Time, "Roberta", a representative, employee and / or agent of VCA called the Plaintiff and left a voicemail message for the Plaintiff.

73.  The voicemail message stated: "Hi, this message is for Benjamin Birdsell. Hi Mr. Birdsell, my name is Roberta. I'm calling from Vandenberg Chase and Associates. The reason for my call today is to let you know that I have an urgent measure, matter on my desk this morning and it is marked extremely urgent attached along with your social security number. Um, it is imperative that I hear from you today. Um, I can be reached at 866-493-9608 at extension 3017. Give me a call back to Roberta and I'd be happy to discuss this matter with you. Also for your conveinance Mr. Birdsell when you call in you can refer to reference number 1206123801. Again, the number here is 866-493-9608. Extension 3017. Thank you. Have a nice day."

74.  1-866-493-9608 is one of VCA's telephone numbers.

75.  This voicemail message left for the Plaintiff on or about September 3, 2010, at or around 10:00 am Mountain Standard Time was an attempt to collect the Account.

76.  This voicemail message left for the Plaintiff on or about September 3, 2010, at or around 10:00 am Mountain Standard Time conveyed information regarding the Account directly or indirectly to the Plaintiff.

77.   This voicemail message left for the Plaintiff on or about September 3, 2010, at or around 10:00 am Mountain Standard Time constituted a "communication" as defined by FDCPA § 1692a(2).

78.   This voicemail message left for the Plaintiff on or about September 3, 2010, at or around 10:00 am Mountain Standard Time does not state that the communication is from a debt collector.

79.   FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

80.   "Roberta" was not acquiring location information on the Plaintiff during this voicemail message left for the Plaintiff on or about September 3, 2010, at or around 10:00 am Mountain Standard Time.

81.   "Roberta" left this voicemail message for the Plaintiff.

82.   "Roberta" did not leave this voicemail message for a person other than the Plaintiff.

83.   "Roberta" was an employee of VCA at the time this message was left for the Plaintiff.

84.   "Roberta" was an agent for VCA at the time this message was left for the Plaintiff.

85.   "Roberta" was acting within the course of her employment with VCA at the time this message was left for the Plaintiff.

86.   "Roberta" was acting within the scope of her employment with VCA at the time this message was left for the Plaintiff.

87.   "Roberta" was under the direct supervision of VCA at the time this message was left for the Plaintiff.

88.   "Roberta" was under the control of VCA at the time this message was left for the Plaintiff.

89.   "Roberta's" actions in leaving this voicemail message for the Plaintiff are imputed to her employer, VCA.

90.   The recording device used by VCA was capable of taping the voicemail message.

91.   The operator of the recording device at VCA was competent to operate it.

92.   The recording device used by Plaintiff was capable of taping the voicemail message.

93.   The operator of the recording device used by the Plaintiff was competent to operate it.

94.   The recording of the voicemail message is authentic and correct.

95.   Changes, additions, or deletions have not been made to the voicemail message.

96.   The voicemail message recording has been preserved in a manner that will be shown to the Court.

97.   The speaker in the voicemail message has been identified as "Roberta".

98.   The voicemail message was made voluntarily without any kind of inducement.

99.   The voicemail message will be authenticated by the testimony of VCA, the Plaintiff and "Roberta".

100.   The voicemail message is a business record of VCA.

101.   VCA made an audio recording of the voicemail message left for the Plaintiff on or about September 3, 2010 at or around 10:00 am Mountain Standard Time.

102.   VCA has a copy of the audio recording of this voicemail message.

103.   VCA has a copy of the audio recording of the voicemail message left for the Plaintiff on or about September 3, 2010 at or around 10:00 am Mountain Standard Time.

104.   On or about September 15, 2010, at or around 1:27 pm Mountain Standard Time, Mr. Jackson, a representative, employee and / or agent of VCA called the Plaintiff and left a voicemail message for the Plaintiff.

105.   The voicemail message stated: "Hi there, this message is for Benjamin Birdsell. Mr. Birdsell, hi my name is Mr. Jackson. I'm gonna need you to contact me immediately. Apparently you had some arrangements with payment processing and they were not honored. The department is now requesting that I prepare an involuntary process order out for you against your social and your drivers information. Please contact me immediately at 1-866-493-9608 extension 3050. Please respond to your case number 1206123803. Please respond immediately."

106.   This voicemail message was an attempt to collect the Account.

107.   This voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

108.   This voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

109. This voicemail message does not state that the communication is from a debt collector.

110. This voicemail message does not meaningfully disclose the caller's identity.

111. Mr. Jackson did not state that he was calling from VCA during the voicemail message.

112. Mr. Jackson was not acquiring location information on the Plaintiff during this voicemail message.

113. Mr. Jackson left this voicemail message for the Plaintiff.

114. Mr. Jackson did not leave this voicemail message for a person other than the Plaintiff.

115. Mr. Jackson was an employee of VCA at the time this message was left for the Plaintiff.

116. Mr. Jackson was an agent for VCA at the time this message was left for the Plaintiff.

117. Mr. Jackson was acting within the course of his employment with VCA at the time this message was left for the Plaintiff.

118. Mr. Jackson was acting within the scope of his employment with VCA at the time this message was left for the Plaintiff.

119. Mr. Jackson was under the direct supervision of VCA at the time this message was left for the Plaintiff.

120. Mr. Jackson was under the control of VCA at the time this message was left for the Plaintiff.

121.   Mr. Jackson's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, VCA.

122.   The recording device used by VCA was capable of taping the voicemail message.

123.   The operator of the recording device at VCA was competent to operate it.

124.   The recording device used by Plaintiff was capable of taping the voicemail message.

125.   The operator of the recording device used by the Plaintiff was competent to operate it.

126.   The recording of the voicemail message is authentic and correct.

127.   Changes, additions, or deletions have not been made to the voicemail message.

128.   The voicemail message recording has been preserved in a manner that will be shown to the Court.

129.   The speaker in the voicemail message has been identified as Mr. Jackson.

130.   The voicemail message was made voluntarily without any kind of inducement.

131.   The voicemail message will be authenticated by the testimony of VCA, the Plaintiff and Mr. Jackson.

132.   The voicemail message is a business record of VCA.

133.   VCA made an audio recording of this voicemail message.

134.   VCA has a copy of the audio recording of this voicemail message.

135.   VCA has a copy of the audio recording of the voicemail message left for the Plaintiff on or about September 15, 2010 at or around 1:27 pm Mountain Standard Time.

136.   On or about September 16, 2010, at or around 12:27 pm Mountain Standard Time, Mr. Jackson, a representative, employee and / or agent of VCA called the Plaintiff and left a voicemail message for the Plaintiff.

137.   The voicemail message stated: "And Benjamin since you want to make this a real tough "unintelligible" when payment processing ran your payment for that money yes they do charge a processing fee. The fact that you didn't have the money in there is why you got charged for them running their system for your payment that you declined on. So right now I want you to know I am notating your file and I am issuing this order out for you Benjamin Birdsell. Ok, as they have requested. So I don't know what else to tell you ok. Have a very nice day but its very self explanatory that you were charged for them running your card and you did not have the money there again."

138.   This voicemail message was an attempt to collect the Account.

139.   This voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

140.   This voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

141.   This voicemail message does not state that the communication is from a debt collector.

142.   This voicemail message does not meaningfully disclose the caller's identity.

143.   Mr. Jackson did not state that he was calling from VCA during this voicemail message.

144.   Mr. Jackson was not acquiring location information on the Plaintiff during this voicemail message.

145.   Mr. Jackson left this voicemail message for the Plaintiff.

146.   Mr. Jackson did not leave this voicemail message for a person other than the Plaintiff.

147.   Mr. Jackson was an employee of VCA at the time this message was left for the Plaintiff.

148.   Mr. Jackson was an agent for VCA at the time this message was left for the Plaintiff.

149.   Mr. Jackson was acting within the course of his employment with VCA at the time this message was left for the Plaintiff.

150.   Mr. Jackson was acting within the scope of his employment with VCA at the time this message was left for the Plaintiff.

151.   Mr. Jackson was under the direct supervision of VCA at the time this message was left for the Plaintiff.

152.   Mr. Jackson was under the control of VCA at the time this message was left for the Plaintiff.

153.   Mr. Jackson's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, VCA.

154.   The recording device used by VCA was capable of taping the voicemail message.

155.   The operator of the recording device at VCA was competent to operate it.

156.   The recording device used by Plaintiff was capable of taping the voicemail message.

157.   The operator of the recording device used by the Plaintiff was competent to operate it.

158.   The recording of the voicemail message is authentic and correct.

159.   Changes, additions, or deletions have not been made to the voicemail message.

160.   The voicemail message recording has been preserved in a manner that will be shown to the Court.

161.   The speaker in the voicemail message has been identified as Jackson.

162.   The voicemail message was made voluntarily without any kind of inducement.

163.   The voicemail message will be authenticated by the testimony of VCA, the Plaintiff and Mr. Jackson.

164.   The voicemail message is a business record of VCA.

165.   VCA made an audio recording of this voicemail message.

166.   VCA has a copy of the audio recording of this voicemail message.

167.   VCA has a copy of the audio recording of the voicemail message left for the Plaintiff on or about September 16, 2010 at or around 12:27 pm Mountain Standard Time.

168.   On October 4, 2010 the Plaintiff called VCA.

169. The Plaintiff was connected to Norman and then to Mr. Jackson at VCA.

170. Portions of the telephone call follow:

171. Mr. Jackson stated: Vandenberg Chase and Associates, Mr. Jackson, how can I help you?

172. Mr. Jackson stated: On Friday you have a payment for $91.92 your final payment.

173. Plaintiff stated: Well I was actually calling because the payments scheduled for the 8th and um I'm calling to let you know that I do not have the money and um and are't authorized to take the payment out for this Friday.

174. Mr. Jackson stated: Repeat that again now.

175. Plaintiff stated: Um, I am just calling to let you know that, uh, I won't have the money available on 10/8 for you to take the money out. Um, and uh, I'm pretty much taking away the authorization to take out that money on the 8th because I will not have it.

176. Mr. Jackson stated: Ok, so what are you authorizing me to issue the involuntary process out for you?

177. Plaintiff stated: What does that mean?

178. Mr. Jackson stated: It means that you are going to have an unlikely visit.

179. Mr. Jackson stated: They filed a claim against you as an attempt to defraud the debt because your bank said the internal investigation report shows that when you did check 1154 you did not have that money in there. So what they did is they sent your file up for payment processing, for mediation so they could go

ahead and get your file resolved so they don't have to pursue legal action against you. If you miss that payment of $91.92 you are about to add about $6,000.00 to your bill and they're going to be giving you an unlikely visit and in the state of Colorado they will be, lets see what it says, "unintelligible" transaction. Imprisonment in county jail for not less than 3 months nor more than 12 months or by fine of not less than $250.00 nor more than $1,000.00 or both. I don't know if you are in Arapahoe County, let me see, area – Pueblo, but I will have to notify immediate local authorities of the matter and Ace Cash will be pursuing the legal act against you on this matter.

180.   Mr. Jackson stated: They set your file up in mediation.

181.   Mr. Jackson stated: I am gonna remove the information as you said and I am issuing out the order today per the request.

182.   Mr. Jackson stated: So I will advise you after I terminate this call I would recommend you seek legal counsel immediately. This matter will be in affect in our pick up list as I complete your file today.

183.   Mr. Jackson stated: When you borrowed that money from Ace Cash you went in there and took their money and you gave those people a bogus check.

184.   Mr. Jackson stated: You have not only encountered the bill that we stopped. You are about to pay them for attorney, court cost fees, $1,200.00 for our office processing fees and then they're going to pursue out for you. The order indicates that I prepare an involuntary process order for you against your social you're your

drivers information so that is what I am getting ready to do. I will document your file and I am removing your payment information.

185.    Plaintiff stated: It was a payday loan, not a bogus check.

186.    Mr. Jackson stated: I work at the office of Vandenberg Chase and Associates and apparently Ace Cash thought you did a crime to them. Its why they filed it in our office, ok.

187.    Mr. Jackson stated: I just informed you of what I am going to do. I will document your file. You requested the file payment to be removed and I will issue the order today. I wish you the best of luck sir.

188.    The telephone call / conversation on October 4, 2010 was an attempt to collect the Account.

189.    The telephone call / conversation on October 4, 2010 conveyed information regarding the Account directly or indirectly to the Plaintiff.

190.    The telephone call / conversation on October 4, 2010 constituted a "communication" as defined by FDCPA § 1692a(2).

191.    Mr. Jackson was an employee of VCA at the time of this telephone call / conversation with the Plaintiff.

192.    Mr. Jackson was an agent for VCA at the time of this telephone call / conversation with the Plaintiff.

193.    Mr. Jackson was acting within the course of his employment with VCA at the time of this telephone call / conversation with the Plaintiff.

194.   Mr. Jackson was acting within the scope of his employment with VCA at the time of this telephone call / conversation with the Plaintiff.

195.   Mr. Jackson was under the direct supervision of VCA at the time of this telephone call / conversation with the Plaintiff.

196.   Mr. Jackson was under the control of VCA at the time of this telephone call / conversation with the Plaintiff.

197.   Mr. Jackson's actions in this telephone call / conversation with the Plaintiff are imputed to his employer, VCA.

198.   VCA made an audio recording of the telephone conversation with the Plaintiff on October 4, 2010.

199.   VCA has a copy of the audio recording of the telephone conversation with the Plaintiff on October 4, 2010.

200.   The audio recording of the telephone conversation with the Plaintiff on October 4, 2010 is a business record of VCA.

201.   On October 8, 2010 the Defendant illegally seized money from the Plaintiff's account without the Plaintiff's permission.

202.   VCA kept written documentation and / or computer note(s) that document telephone calls to the Plaintiff on the Account in the year prior to the filing of the instant action.

203.   VCA kept written documentation and / or computer note(s) that document telephone calls from the Plaintiff on the Account in the year prior to the filing of the instant action.

204. VCA kept written documentation and / or computer note(s) that document voicemail message(s) left for the Plaintiff on the Account in the year prior to the filing of the instant action.

205. The Defendant made audio recording(s) of some of its telephone calls with the Plaintiff in the year prior to the filing of the instant action.

206. The Defendant made audio recording(s) of all of its telephone calls with the Plaintiff in the year prior to the filing of the instant action.

207. The Defendant has copies of the audio recording(s) of some of its telephone calls with the Plaintiff in the year prior to the filing of the instant action.

208. The Defendant has copies of the audio recording(s) of all of its telephone calls with the Plaintiff in the year prior to the filing of the instant action.

209. The Defendant's copies of the audio recording(s) of its telephone calls with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

210. The statements and actions were undertaken by VCA and its representative(s), employee(s) and / or agent(s) including Mr. Jackson and "Roberta" as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

211. Ahmed directly and/or indirectly attempted to collect the Account from the Plaintiff.

212. Ahmed created the collection policies and procedures used by VCA and its employees, managed the daily collection operations of VCA, and/or oversaw and ratified the application of the collection policies and procedures used by VCA and

its employees when those employees attempted to collect a debt from the Plaintiff.

213.    Ahmed created the collection policies and procedures used by VCA and its employees, managed the daily collection operations of VCA, and/or oversaw and ratified the application of the collection policies and procedures used by VCA and its employees when the VCA employee left the voicemail messages for the Plaintiff listed above in this document.

214.    Ahmed created the collection policies and procedures used by VCA and its employees, managed the daily collection operations of VCA, and/or oversaw and ratified the application of the collection policies and procedures used by VCA and its employees when they spoke the words they spoke when they conversed by telephone with the Plaintiff as alleged above in this document.

215.    Ahmed intentionally and willfully violated the FDCPA.

216.    Norman directly and/or indirectly attempted to collect the Account from the Plaintiff.

217.    Norman created the collection policies and procedures used by VCA and its employees, managed the daily collection operations of VCA, and/or oversaw and ratified the application of the collection policies and procedures used by VCA and its employees when those employees attempted to collect a debt from the Plaintiff.

218.    Norman created the collection policies and procedures used by VCA and its employees, managed the daily collection operations of VCA, and/or oversaw and

ratified the application of the collection policies and procedures used by VCA and its employees when the VCA employee left the voicemail messages for the Plaintiff listed above in this document.

219.  Norman created the collection policies and procedures used by VCA and its employees, managed the daily collection operations of VCA, and/or oversaw and ratified the application of the collection policies and procedures used by VCA and its employees when they spoke the words they spoke when they conversed by telephone with the Plaintiff as alleged above in this document.

220.  Norman intentionally and willfully violated the FDCPA

221.  VCA, Ahmed and Norman, as a business practice, have chosen to repeatedly flout and violate the FDCPA and other laws, harming consumers, and disadvantaging competing debt collectors who have chose to abide by the FDCPA and other laws.

222.  Defendants and VCA's representative(s), employee(s) and / or agent(s) including Mr. Jackson and Roberta's statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(6).

223.  Defendants and VCA's representative(s), employee(s) and / or agent(s) including Mr. Jackson and Roberta's statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(7), e(10) and e(11).

224.  Defendants and VCA's representative(s), employee(s) and / or agent(s) including Mr. Jackson and Roberta's statement(s) and action(s) constitute unfair or

unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

225. Defendants and VCA's statement(s) and action(s) as well as that of VCA's representative(s), employee(s) and / or agent(s) including Mr. Jackson and Roberta were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

226. Defendant's and VCA's statement(s) and action(s) as well as that of VCA's representative(s), employee(s) and / or agent(s) including Mr. Jackson and Roberta and were willful and intentional violation(s) of the FDCPA.

227. As a consequence of the Defendants' collection activities and communications, the Plaintiff has sustained actual damages including stress, changes in sleeping habits, headaches, frustration, anger and changes in eating habits.

**RESPONDEAT SUPERIOR**

228. The representative(s) and / or collector(s) of VCA including Mr. Jackson and "Roberta" at VCA were employees of the Defendants at all times mentioned herein.

229. The representative(s) and / or collector(s) at VCA including Mr. Jackson and "Roberta" were agents of the Defendants at all times mentioned herein.

230. The representative(s) and / or collector(s) at VCA including Mr. Jackson and "Roberta" were acting within the course of their employment at all times mentioned herein.

231. The representative(s) and / or collector(s) at VCA including Mr. Jackson and "Roberta" were acting within the scope of their employment at all times mentioned herein.

232. The representative(s) and / or collector(s) at VCA including Mr. Jackson and "Roberta" were under the direct supervision of the Defendants at all times mentioned herein.

233. The representative(s) and / or collector(s) at VCA including Mr. Jackson and "Roberta" were under the direct control of the Defendants at all times mentioned herein.

234. The actions of the representative(s) and / or collector(s) at VCA including Mr. Jackson and "Roberta" are imputed to their employer, the Defendants.

235. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

236. The previous paragraphs are incorporated into this Count as if set forth in full.

237. The act(s) and omission(s) of the Defendants and VCA's representative(s), employee(s) and / or agent(s) constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(6), § 1692e preface, e(2)(A), e(4), e(5), e(7), e(10), e(11), § 1692f preface and f(1).

238.     The Defendants' violation(s) are multiple, willful and intentional.

239.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     A finding that the Defendants violated the FDCPA and/or an admission from the Defendants that they violated the FDCPA.

2.     Actual damages under 15 U.S.C. § 1692k(a)(1).

3.     Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson   _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff